# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LEE SPENCER, | )<br>) |
| Plaintiff, | )<br>) |
| | ) No. 07 C 3981 |
| v. | )<br>) Senior U.S. District Judge |
| JIMMY D'S BODY AND FENDER SHOP, INC., et al. | ) GEORGE W. LINDBERG<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Lee Spencer filed a complaint alleging claims of racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981, against defendants Jimmy D's Body and Fender Shop, Inc., Jimmy D's Trucking, Inc., and M.T.D. Services, Inc. Defendants have moved for summary judgment under Federal Rule of Civil Procedure 56 on the Title VII claims.

Federal Rule of Civil Procedure 56(c) provides that a district court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Title VII makes it unlawful for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1). Defendants have moved for summary judgment on the Title VII claims on the basis that they are not employers under 42 U.S.C. § 2000e(b). Title VII liability only extends to employers who

have "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). The phrase "current or preceding calendar year" means that defendants must have the requisite number of employees in either the calendar year in which the discrimination or retaliation occurred, or in the calendar year before the discrimination or retaliation occurred. *Komorowski v. Townline Mini-Mart and Restaurant*, 162 F.3d 962, 966 (7th Cir. 1998). Under some circumstances, the employees of more than one corporation will be aggregated for purposes of determining whether an employer may be subject to liability under Section 2000e(b). *See Papa v. Katy Industries, Inc.*, 166 F.3d 937, 930, 940-42 (7th Cir. 1999).

The parties agree that plaintiff was hired on December 14, 2005; that plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission on January 18, 2006; and that plaintiff's employment was terminated on January 25, 2006. Therefore, the only years that could arguably be relevant for determining whether defendants were employers under Title VII are 2004, 2005, and 2006. *See Komorowski*, 162 F.3d at 966.

In their Local Rule 56.1(a)(3) statement of material facts, U.S. Dist. Ct., N.D. Ill. L.R. 56.1(a)(3), defendants stated, in pertinent part:

> 9. Jimmy D's Body and Fender Shop, Inc., has at no time employed fifteen (15) or more employees or agents for each working day in each of twenty or more calendar weeks, in fact it has never employed fifteen (15) workers at any one time. Attached to the Declaration of Michael Distasio are charts and graphs (Exhibit A) showing the number of employees of Jimmy D's Body and Fender Shop, Inc., by week, for calendar years 2004-2006. . . .
>
> . . . .
>
> 15. Michael Distasio is also the bookkeeper for M.T.D. Services, Inc.. [sic]

      M.T.D. Services, Inc., was in fact the employer of plaintiff. As its bookkeeper, Michael Distasio was the person responsible for recording the hours worked for each and every employee of M.T.D. Services, Inc., and preparing the payroll. As shown on Exhibit A attached to the Declaration of Michael Distasio, at no time in calendar years 2004-2006 did M.T.D. Services, Inc. employ more than 15 persons for 20 or more weeks in any of those calendar years. . . .

      16. The final column of the charts and the blue line of the graphs of Exhibit A show the total number of employees, by week, for both companies combined. Because Michael Distasio was Jimmy D's Trucking, Inc.'s only employee for the relevant period, adding Jimmy D's Trucking, Inc. would not impact the result. As is evident from the graphs, even combined, the total number of employees for Jimmy D's Body and Fender Shop, Inc. and M.T.D. Services, Inc, did not equal or exceed 15 persons for 20 weeks in any of the applicable calendar years. The definition used for employees was very broad and included all persons who received a paycheck starting with hourly workers through and including its top management, officers and/or owners.

Plaintiff, in his Local Rule 56.1(b)(3)(B) response, U.S. Dist. Ct., N.D. Ill., L.R. 56.1(b)(3)(B), stated that paragraphs 9, 15, and 16 were undisputed. Because plaintiff concedes that none of the defendants, separately or combined, ever employed the required fifteen employees for twenty or more weeks in 2004, 2005, or 2006, defendants were not employers for the purpose of Title VII, and so are entitled to summary judgment on plaintiff's Title VII claims.

Defendants, in their motion for summary judgment did not seek judgment on plaintiff's Section 1981 claims. While defendants did raise this issue in their reply memorandum, "[i]t is well established that new arguments may not be first raised in a reply brief–a party must state all of its reasons in support of a motion the first time around." *Hall v. Cropmate*, 887 F. Supp. 1193, 1199 (S.D. Ind. 1995). See *U.S. v. Feinberg,* 89 F.3d 333, 341 (7th Cir. 1996) ("The reply brief is not the appropriate vehicle for presenting new arguments or legal theories to the court."); *Dubin v. LaGrange Country Club*, 1997 WL 754148, 1 (N.D. Ill.). Furthermore, Local Rule 56.1 requires defendants to cite meaningful caselaw, and to apply that caselaw to the facts. U.S. Dist.

07 C 3981

Ct., N.D. Ill., L.R. 56.1. *See Malec v. Sanford*, 191 F.R.D. 581, 586 (N.D. Ill. 2000); *Hibbler v. HCD Chicago Corp.*, 2007 WL 2323304, 2 (N.D. Ill.) ("generously constru[ing]" an attorney's work "as an attempt at a memorandum, though it presents no meaningful caselaw or argument."). For these reasons, summary judgment will not be granted with respect to plaintiff's 42 U.S.C. § 1981 claims.

**ORDERED:** Defendants' motion for summary judgment on plaintiff's 42 U.S.C. § 2000e claims [53] is granted.

**ENTER:**

_____
GEORGE W. LINDBERG
Senior U.S. District Judge

**DATED:** December 5, 2008